### No. 819
### LAYER v. STATE
Ohio Appeals, 2d District, Montgomery County
No. 537. June 28, 1923

**129. CRIMINAL LAW.**

Voluntary confessions of accused in homicide held not prejudicial error.

FERNEDING, J.

#### Epitomized Opinion

Layer was charged with the murder of a boy 13 years of age who was found in a field strangled, and was convicted of murder in the first degree without mercy and was sentenced to electrocution. He prosecuted error to this court, alleging that the trial court erred (1) in admitting confessions Layer was alleged to have made to police officers and to fellow prisoners and to a newspaper reporter, and (2) in admitting testimony as to various other acts of criminal treatment by the accused to other children. Held:

An examination of the evidence shows that the confession to the police officers was not extorted; the other confessions were clearly voluntary. This evidence was properly admitted. The evidence as to the other offenses were admissible under 104 OS. 298. The trial was fair and without prejudicial error. Judgment affirmed.

Attorneys — Frank W. Krehbiel and Joseph Murphy, for Layer; Albert Scharrer, Pros. Atty., Charles J. Brennan and Rolla M. Galloway, for State.

---

### No. 820
### POTTS v. POTTS
Ohio Appeals, 2d Dist., Franklin County
Decided October 4, 1923

**DIVORCE.**

Trial court has power to vacate or modify divorce decree during same term of court upon motion— Remarriage does not prevent court from setting aside decree for fraud.

ALLREAD, J.

#### Epitomized Opinion

Mabel Potts brought an action for divorce in Franklin county. She made an affidavit to the effect that she did not know the residence of her husband, and upon this affidavit she made service by publication. Shortly after a divorce was granted to plaintiff, her husband not appearing, she remarried. During the same term of court her husband filed a motion to vacate this decree. At the hearing of this motion evidence was introduced which showed that the husband had never changed his place of abode, and had resided at all times at the same place where they had lived together for years. It also was disclosed that plaintiff visited defendant shortly after the affidavit was made. The husband never received notice of the pendency of the divorce action. The trial court set aside the divorce. Plaintiff prosecuted error. In sustaining the lower court, the Court of Appeals held:

1. A trial court in a divorce case has jurisdiction, upon motion filed during the judgment term, to vacate and set aside a decree of divorce in the reasonable exercise of its discretion, as where there is fraud.

2. The fact of remarriage is not a bar to the jurisdiction of the court to vacate or modify a judgment of divorce during the term, especially where the question is presented by the party guilty of the fraud on the court.

Attorneys—M. W. Bradshaw, for plaintiff; Blair & Blair, for defendant.

---

### No. 821
### HERRICK v. STATE
Ohio Appeals, 8th District, Cuyahoga County
No. 1399. Decided Nov. 5, 1923

VICKERY, J.

#### Epitomized Opinion

**103. EMBEZZLEMENT.**

A shipping clerk who wrongfully takes goods in his custody, not guilty of embezzlement but larceny —Indictment for both embezzlement and larceny should show goods taken to be same in each count

#### Epitomized Opinion

Herrick was a shipping clerk and received goods and sent them out for his employer. He was indicted for embezzling some of the goods, of the value of several hundred dollars. There was also a count charging him with larceny. He was convicted of embezzlement in Cuyahoga Common Pleas. In reversing the judgment, the Court of Appeals held:

1. As the record did not show that the property alleged in the first count to have been embezzled was the same as that he was charged with stealing a case of larceny could not be made out.

2. That the record shows that Herrick was in no sense in possession of the goods, but was merely custodian of them, and that under the authority of 90 OS. 352, a very similar case, he could be convicted of larceny only and that the conviction under the first count was wrong, and must be reversed.

Attorneys—R. R. Cheeks, for Herrick; M. C. Stanton, Pros., for State.